**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Gaye Frank, | ) | No. CV-11-08035-PCT-NVW |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Wells Fargo Bank National Association; | ) | |
| Tiffany and Bosco, P.A.; Michael J. | ) | |
| Laughlin EVP/CCO, Wells Fargo and | ) | |
| Company; Mark C. Oman EVP, Wells | ) | |
| Fargo and Company; Howard I. Atkins Sr. | ) | |
| EVP/CFO, America's Servicing Company; | ) | |
| David M. Carrols Sr. EVP, Wells Fargo | ) | |
| And Company; Kevin A. Rhein EVP, | ) | |
| Wells Fargo and Company; James M. | ) | |
| Strother EVP, Wells Fargo and Company; | ) | |
| Mark S. Bosco P.A., Tiffany and Bosco, | ) | |
| P.A.; Michael A. Bosco P.A., Tiffany and | ) | |
| Bosco, P.A.; Carrie L. Tolstedt EVP, | ) | |
| Wells Fargo Home Mortgage; Wells Fargo | ) | |
| Home Mortgage Company, Patricia | ) | |
| Callahan Sr EVP, Wells Fargo Home | ) | |
| Mortgage; John G. Stumpf President/CEO | ) | |
| Wells Fargo and Company, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Before the Court is Defendants Wells Fargo Bank, National Association, Wells Fargo

and Company, Michael J. Laughlin, Mark C. Oman, Howard I. Atkins, David M. Carrols,

Kevin A. Rhein, James M. Strother, Carrie L. Tolstedt, Patricia Callahan, and John G.

1   Stumpf's (collectively "Wells Fargo Defendants") Motion to Dismiss (Doc. 8) and
2   Defendants Tiffany & Bosco, P.A., Marks S. Bosco, and Michael A. Bosco, Jr.'s
3   (collectively "Bosco Defendants") Motion to Dismiss (Doc. 10).  For the reasons stated
4   below, Defendants' motions to dismiss will be granted.

5   **I.    Background**

6           Plaintiff was loaned $187,000 for the purchase of real property located at 2834 South
7   Tissaw Road, Cornville, Arizona 86325.  Plaintiff claims that the property's address has
8   since changed to 6217 East Homestead Trail, Cornville, Arizona 86325.  The promissory
9   note on the loan was signed on August 28, 2006 and lists Plaintiff as the borrower and
10  American Brokers Conduit as the lender.  Plaintiff also signed a deed of trust on the property
11  securing the note.

12          Presumably Plaintiff fell behind on her mortgage payments, because Plaintiff's
13  property was sold at a deed of trust public auction on December 17, 2010.  Plaintiff filed a
14  complaint in Arizona Superior Court for Yavapai County on February 14, 2011.  She also
15  filed an "Ex parte Motion For emergency temporary injunction as to eviction of real
16  property," which the superior court denied on February 15, 2011.  On March 8, 2011, Wells
17  Fargo Defendants removed the case to this Court (Doc. 1).

18          Wells Fargo Defendants moved to dismiss Plaintiff's complaint on March 15, 2011
19  (Doc. 14).  On that same day, Bosco Defendants also filed a motion to dismiss Plaintiff's
20  complaint (Doc. 10).  Although Plaintiff's responses to Defendants' motions to dismiss were
21  due on April 1, 2011, no response has been filed with this Court.  Failure to respond alone
22  is grounds for the Court to grant Defendants' motions to dismiss.  LRCiv. 7.2(i).  The Court
23  finds Plaintiff's failure to respond to Defendants' motions constitutes acquiescence to the
24  motions being granted.  Nevertheless, the Court agrees with Defendants' substantive analyses
25  and will therefore grant Defendants' motions to dismiss (Docs. 8, 10) on the merits.

26

27

28

1    **II.     Legal Standard**

2         **A.     Rule 8, Federal Rules of Civil Procedure**

3         A complaint must contain "a short and plain statement of the claim showing that the

4    pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple,

5    concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint having the factual elements of a

6    cause of action present but scattered throughout the complaint and not organized into a "short

7    and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling*

8    *v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). A claim must be stated clearly

9    enough to provide each defendant fair opportunity to frame a responsive pleading. *McHenry*

10   *v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996). "Something labeled a complaint . . ., yet

11   without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs,

12   fails to perform the essential functions of a complaint." *Id.* at 1180.

13        **B.     Rule 9(b), Federal Rules of Civil Procedure**

14        "In alleging fraud or mistake, a party must state with particularity the circumstances

15   constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires allegations of fraud

16   to be "specific enough to give defendants notice of the particular misconduct which is alleged

17   to constitute the fraud charged so that they can defend against the charge and not just deny

18   that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th

19   Cir. 2001). "While statements of the time, place and nature of the alleged fraudulent

20   activities are sufficient, mere conclusory allegations of fraud are insufficient." *Moore v.*

21   *Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Further,

22        Rule 9(b) does not allow a complaint to merely lump multiple defendants
23        together but requires plaintiffs to differentiate their allegations when suing
          more than one defendant and inform each defendant separately of the
24        allegations surrounding his alleged participation in the fraud. In the context
          of a fraud suit involving multiple defendants, a plaintiff must, at a minimum,
25        identify the role of each defendant in the alleged fraudulent scheme.

26   *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (internal quotation marks,

27   alteration marks, and citations omitted).

28                                              - 3 -

1

### C.    Rule 12(b)(6), Federal Rules of Civil Procedure

2   On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material fact

3   are assumed to be true and construed in the light most favorable to the non-moving party.

4   *Cousins*, 568 F.3d at 1067.  Dismissal under Rule 12(b)(6) can be based on "the lack of  a

5   cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal

6   theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To avoid

7   dismissal, a complaint must contain "only enough facts to state a claim for relief that is

8   plausible on its face." *Twombly*, 550 U.S. at 570.  The principle that a court accepts as true

9   all of the allegations in a complaint does not apply to legal conclusions or conclusory factual

10  allegations. *Ashcroft v. Iqbal*, __ U.S. __, 1949, 1951 (2009).  "Threadbare recitals of the

11  elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

12  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

13  to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

14  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than

15  a sheer possibility that a defendant has acted unlawfully." *Id.*  To show that the plaintiff is

16  entitled to relief, the complaint must permit the court to infer more than the mere possibility

17  of misconduct. *Id.*

18  **III.    Analysis**

19  Plaintiff's complaint lists twelve causes of action: 1) Fraudulent Misrepresentation;

20  2) Fraudulent Concealment; 3) Breach of Contract; 4) Default on Contract; 5) Deceptive

21  Business Practices; 6) Issuance on Counterfeit Security; 7) Fair Credit Billing Act Violations;

22  8) Fair Debt Collection Practices Act Violations; 9) Real Estate Settlement Procedures Act

23  Violations; 10) Truth in Lending Act Violations; 11) Conspiracy with Intent to Commit

24  Fraud Against Plaintiff; and 12) Conspiracy to Commit Fraud Against Plaintiff.  However,

25  Plaintiff has failed to comply with various requirements of the Federal Rules of Civil

26  Procedure, warranting dismissal of her complaint.

27  First, Plaintiff's complaint fails to include plausible facts to support her allegations.

28

1    All of Plaintiff's claims list allegations without any factual specificity as to purported

2    wrongdoing.   A complaint must contain more than just "labels and conclusions" or a

3    "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

4    Additionally, Plaintiff has not sufficiently pled her claims in order to put each defendant on

5    notice of its alleged wrongdoing in order to frame a responsive pleading. *See McHenry*, 84

6    F.3d at 1176, 1180 (noting a complaint must identify "whom plaintiffs are suing for what

7    wrongs").  Plaintiff has named fifteen defendants, but has not specified within her complaint

8    which defendant committed which actions; rather, all of her allegations are directed at

9    "defendant(s)."   In addition to these procedural defects, Plaintiff's complaint fails to

10   substantively state any plausible claim for relief.

11         **A.**  **Fraudulent Misrepresentation, Fraudulent Concealment, Deceptive**
**Business Practices, Conspiracy with Intent to Commit Fraud Against**
12   **Plaintiff, and Conspiracy to Commit Fraud Against Plaintiff**

13         To state a claim for fraud in Arizona, nine elements must be shown: "1) a

14   representation; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of its falsity or

15   ignorance of its truth; 5) the speaker's intent that it be acted upon by the person and in a

16   manner reasonably contemplated; 6) the hearer's ignorance of its falsity; 7) his reliance on

17   its truth; 8) his right to rely thereon; and 9) his consequent and proximate injury." *Wagner*

18   *v. Casteel*, 136 Ariz. 29, 31, 663 P.2d 1020, 1022 (1983) (citation omitted).  Because counts

19   one, two, five, eleven, and twelve all allege fraud, Plaintiff is required to plead these claims

20   with particularity under Fed. R. Civ. P. 9(b).  To satisfy Rule 9(b), a complaint must state the

21   time, place, and specific content of the false representations and the identities of the parties

22   to the misrepresentation. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d

23   1393, 1401 (9th Cir. 1986); *Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1106

24   ("Averments of fraud must be accompanied by the who, what, when, where, and how of the

25   misconduct charged."). "While statements of the time, place and nature of the alleged

26   fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient."

27   *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

28

1        Plaintiff has not included any facts to support her claims for fraud.  It is not clear from

2   the complaint which party made which alleged misrepresentations, how such representations

3   were false or material, nor is it even evident exactly what misrepresentations Plaintiff claims

4   were made.  Plaintiff's allegations seem premised on the notion that the loan agreement was

5   not supported by consideration and that it was fraudulently concealed that "Plaintiff was the

6   creditor" in the loan agreement.  These allegations are unclear and confusing, and fail to

7   satisfy the pleading requirements of Fed. R. Civ. P. 9(b).  Plaintiff has also failed to show

8   how any Defendants acted together in a conspiracy to defraud her, nor has she stated a

9   plausible claim in her unintelligible fifth cause of action for deceptive business practices.

10           **B.**     **Breach of Contract and Default on Contract**

11        In order to state a claim for breach of contract, a plaintiff must prove the existence of

12   a contract between the plaintiff and defendant, a breach of the contract by the defendant, and

13   resulting damage to the plaintiff.  *See Chartone, Inc. v. Bernini*, 207 Ariz. 162, 170, 83 P.3d

14   1103, 1111 (Ariz. App. Ct. 2004).  To allege a contract claim, Plaintiff must plead more

15   specific factual allegations that would "allow[] the court to draw the reasonable inference that

16   the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  Here, Plaintiff

17   has failed to provide any plausible, specific facts to support her contract claims, or given any

18   explanation for how any of Defendants' purported actions breach the loan agreement.

19        Plaintiff alleges the following: Defendants did not provide Plaintiff with consideration

20   at the time of closing, Defendants issued and failed to remove derogatory credit reports to

21   three national credit reporting agencies, Defendants failed to accept "funds tendered by

22   Gayle L. Sullivan, Notary Public, to immediately release [Defendants'] fraudulent claim of

23   $187,000" (Compl. ¶ 3), Defendants defaulted on the contract by failing to collect $187,000

24   provided by Plaintiff in exchange for the original contract, Defendants failed to produce

25   Plaintiff's original promissory note or their public hazard bonds, and  Defendants failed to

26   pay damages for defaulting on the contract.  Each allegation fails to state a plausible claim

27   for relief.  The consideration argument is repeated from Plaintiff's causes of action sounding

28

in fraud, and is not supported by any facts. Plaintiff has failed to allege why any derogatory credit reporting is wrongful, since it appears she defaulted on her loan agreement. Plaintiff's allegations regarding funds purportedly tendered by Gayle Sullivan fail to explain how acceptance of these funds would have satisfied her loan obligation. Plaintiff has also failed to allege to which defendant she purportedly tendered the full amount of the loan, nor has she given any explanation for why "Defendants" failed to accept this payment. With respect to the allegation that Defendants are required to produce the original promissory note, this "show me the note" theory has been repeatedly rejected in this district. *See, e.g.*, *Contreras v. U.S. Bank*, No. CV09-0137-PHX-NVW, 2009 WL 4827016 (D. Ariz. Dec. 15, 2009); *Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184 (D. Ariz. 2009); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178 (D. Ariz. 2009). Nor has Plaintiff provided any support for her allegation that Defendant was required and failed to produce their public hazard bonds. Finally, because Plaintiff has not alleged any plausible breach or default by Defendants, her claim for damages under the contract is similarly unsupported.

### C. Issuance on Counterfeit Security, Fair Credit Billing Act ("FCBA") Violations, Fair Debt Collection Practices Act ("FDCPA") Violations, Real Estate Settlement Procedures Act ("RESPA") Violations, and Truth in Lending Act ("TILA") Violations

In counts six, seven, eight, nine and ten, Plaintiff claims various statutory violations. However, Plaintiff asserts only bare conclusions that Defendants have violated these statutes without providing any basis that these statutes even apply. Plaintiff's conclusory allegation that Defendants attempted to utter a counterfeit security, once on October 26, 2010 in the amount of $184, 015.53 and again on December 2, 2010 in the amount of $188,230.45 fails because Plaintiff's note does not constitute a security, *see Reves v. Ernst & Young*, 494 U.S. 56, 65 (1990), and because utterance of a counterfeit security does not create a private civil right of action. Plaintiff's allegation that Defendants violated the FCBA by reporting derogatory credit ratings to national credit reporting agencies and failing to respond to

- 7 -

1   Plaintiff's written complaint fails because the FCBA's prohibitions on reporting a defaulting

2   debtor apply only in cases of open-end credit accounts, not mortgage transactions and, in any

3   event, Plaintiff has not shown that her notice of written complaint complies with the

4   requirements of 15 U.S.C. §1666(a).  Plaintiff's allegations that Defendants violated the

5   FDCPA by communicating with Plaintiff by telephone and proceeding with the foreclosure

6   even though Plaintiff disputed it fail because Plaintiff has not alleged that she informed

7   Defendants in writing that she disputed the debt, 15 U.S.C. §1692g(b), and because the

8   FDCPA applies only to debt collectors, and not officers or employees of a creditor, 15 U.S.C.

9   §1692a(6)(A).

10         Plaintiff's claims under RESPA and TILA are similarly conclusory and unsupported.

11   Plaintiff's allegations regarding RESPA are rambling and appear to seek remedies that are

12   not available under RESPA.  To the extent Plaintiff has alleged that Defendants violated

13   RESPA by failing to respond to her written complaint, she has not attached the complaint,

14   alleged with any specificity which Defendant she complained to, or otherwise alleged that

15   she submitted the required written statement of complaint under 12 U.S.C. §2605(e).

16   Plaintiff also alleges that Defendants violated TILA by not responding to Plaintiff's "Notice

17   of Right to Cancel"that she sent on September 23, 2010.  However, Plaintiff has not alleged

18   what specific TILA provisions were violated, nor has she provided any reason why the one-

19   year limitations period for TILA violations has tolled.  Rather, it appears Plaintiff's time for

20   bringing a claim under TILA expired in August 2007. 15 U.S.C. § 1640(e).

21   **IV.    Bosco Defendants**

22         Although Plaintiff has named the Bosco Defendants in her suit, presumably because

23   of their role as substitute trustee, she neither mentions them specifically in her complaint nor

24   makes any allegations related to their actions as substitute trustee.  Rather, all of the

25   allegations appear directed at the original lender and loan servicer.  Actions against the

26   substitute trustee are governed by A.R.S. §33-807(E), which provides that "a trustee should

27   only be joined in legal actions pertaining to a breach of the trustee's obligation under this

28

chapter or under the deed of trust." Where a trustee is named in an action that does not allege a breach of the trustee's duties, "the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees[.]" A.R.S. §33-807(E). Because Plaintiff has not alleged any breach of the trustee's duties, the Bosco Defendants, as substitute trustee, are entitled to dismissal with prejudice.

**IV. Leave to Amend**

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff will be given an opportunity to amend her complaint to make clear her allegations against the Wells Fargo Defendants in short, plain statements. Any amended complaint must conform to the requirements of Rule 8(a), 8(d)(1), and 9(b) of the Federal Rules of Civil Procedure. Plaintiff is warned that if she elects to file an amended complaint and fails to comply with the Court's instructions explained in this order, the action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of prolix, argumentative, and redundant amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal without leave to amend of second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

IT IS THEREFORE ORDERED that Defendants Wells Fargo Bank, National Association, Wells Fargo and Company, Michael J. Laughlin, Mark C. Oman, Howard I. Atkins, David M. Carrols, Kevin A. Rhein, James M. Strother, Carrie L. Tolstedt, Patricia Callahan, and John G. Stumpf's Motion to Dismiss (Doc. 8) is granted.

IT IS FURTHER ORDERED that Defendants Tiffany & Bosco, P.A., Mark S. Bosco, and Michael A. Bosco, Jr.'s Motion to Dismiss (Doc. 10) is granted with prejudice.

IT IS FURTHER ORDERED that Plaintiff may file an amended complaint by May

13, 2011.  The Clerk is directed to terminate this case without further order if Plaintiff does not file an amended complaint by May 13, 2011.

DATED this 19th day of April, 2011.

_____
Neil V. Wake
United States District Judge